UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50021-AWB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION** |
| | ) | **TO SEVER COUNTS FOR TRIAL** |
| ANTHONY POOR BEAR, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has been charged with three counts of abusive sexual contact. Docket 1. Defendant has moved this Court to sever the charges for trial, Docket 42, arguing that "the cumulative evidence resulting from a joint trial would result in a clear and real prejudice against Defendant." Docket 43, page 1. The Government objects to the motion, arguing that joinder of the counts is proper and that sufficient prejudice does not exist to require severance. Docket 64.

Federal Rule of Criminal Procedure 8 provides: "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction[.]" Rule 14 provides a remedy to situations where a joinder of offenses may be permissible under Rule 8 yet is undesirable. "If joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts[.]" Fed. R. Crim. P.

14. Applying these two rules, the Eighth Circuit has said:

> When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8.  If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14.  These rules are to be "liberally construed in favor of joinder."

United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995) (citing United States v. Rimell, 21 F.3d 281, 289 (8th Cir. 1994)).

The Court concludes that Counts I, II and III are properly joined under Rule 8, as they are both "of the same or similar character" and that they are "based on the same act or transaction."  Fed. R. Crim. P. 8.  All three of the charges here are based on events that took place on or about November 18, 2007, in Allen, South Dakota, and therefore are properly joined in the indictment.

Furthermore, the Court does not believe that Plaintiff has demonstrated a danger of prejudice sufficient to require severance, especially in light of the judicial preference for joinder of claims discussed in Darden.  As the Government correctly states, even if this Court were to order separate trials, Federal Rule of Evidence 414 would likely permit evidence of other offenses of child molestation.  See United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)(stating that "a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime").  Further, the Court believes that the jury will be able to "compartmentalize" the evidence, as this

case is not exceedingly complex and as this Court's instructions to the jury can effectively admonish the jury regarding any "spillover effect" of the evidence. <u>United States v. Hively</u>, 437 F.3d 752, 765 (8th Cir. 2006); <u>United States v. Liveoak</u>, 377 F.3d 859, 865 (8th Cir. 2004).  Further, the Court finds that Defendant has failed to make a sufficient showing under <u>Closs v. Leapley</u> regarding his argument that joinder will prejudice him if he chooses to testify on one count only.  18 F.3d 574, 578 (8th Cir. 1994) (stating that defendant must make a persuasive and detailed showing regarding the testimony that the defendant would give on one count and the reason why he cannot testify on the other accounts before prejudice is demonstrated).

      For the reasons stated above, the Court denies Defendant's motion to sever.  Therefore,  no good cause appearing, it is hereby

      ORDERED that Defendant's motion to sever counts for trial, Docket 42, is DENIED.

      Dated September 9, 2008

                              BY THE COURT:

                              /s/ *Andrew W. Bogue*
                              ANDREW W. BOGUE
                              SENIOR DISTRICT JUDGE