UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50021-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION** |
| | ) | **TO DISMISS MULTIPLICITOUS** |
| ANTHONY POOR BEAR, | ) | **INDICTMENT** |
| | ) | |
| Defendant. | ) | |

Defendant has been charged with three counts of abusive sexual contact. Docket 1. Defendant has moved this Court to dismiss counts in the multiplicitous indictment. Docket 44. The Government resists the motion. Docket 63. For the reasons stated below, Defendant's motion is denied.

Count I of the indictment charges a violation of 18 U.S.C. § 2244(a)(1), alleging that Defendant engaged or attempted to engage in sexual contact by force. Count II charges that Defendant violated 18 U.S.C. §§ 2244(a)(3) and 2246(3) by touching the breast of the victim, and Count III charges a violation of the same statutes by touching the inner thigh or buttocks of the victim. Defendant argues that pursuant to United States v. Chipps, the Court must dismiss counts of the indictment "[t]o avoid double punishment for Defendant's offenses." Docket 45, page 2 (citing Chipps, 410 F.3d 438 (8th Cir. 2005)). Defendant argues that the alleged conduct here was just one offense which was "uninterrupted in nature with only one single impulse underlying the claimed

sexual conduct." Id.

The Government argues that the charged offenses have all been designated as separate "units of prosecution" by Congress, and therefore no double jeopardy danger arises. Docket 63. These offenses are different offenses in law and fact, argues the Government, and it cites a recent Eighth Circuit case which held that a related statute, 18 U.S.C. § 2241, is a "separate-act" offense and that indictments charging multiple violations of § 2241 are not multiplicitous. See United States v. Two Elk, 2008 WL 2967059 (8th Cir. 2006).

The Eighth Circuit thoroughly described the proper analysis of double jeopardy questions in Two Elk, stating the following:

> The Fifth Amendment's double jeopardy clause proscribe the imposition of "[m]ultiple punishments for the same criminal offense." Demonstrating that an indictment violates the double jeopardy clause requires the defendant to "show that the two offenses charged are in law and fact the same offense." To decide whether the offenses are the same, this court must scrutinize the statute in question to determine "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." This court discerns Congressional intent from "the statutory language, legislative history, and statutory scheme." If in doubt about that intent (because, for example, Congress's intended unit of prosecution is not clear and unambiguous), this court "resolve[s] doubt . . . in favor of lenity for the defendant."

Two Elk, 2008 WL 2967059, *5 (citations omitted). A unit of prosecution is "the aspect of criminal activity that Congress intended to punish," and requires a determination whether Congress intended to punish a course of conduct or whether Congress sought to punish separately individual acts within a criminal episode. Chipps, 410 F.3d at 448 (finding that Congress intended to punish

simple assault as a course of conduct not as separate acts). "If the offense is a 'course of conduct offense,' this court then applies the impulse test, treating as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single impulse. If the offense is a 'separate-act offense,' however, our inquiry is at an end because there is no double jeopardy problem."[1]  Two Elk, 2008 WL 2967059, *6 (citations omitted).

In Two Elk, the Eighth Circuit determined that aggravated sexual abuse under 18 U.S.C. § 2241 is a separate-act offense, and therefore that two charges brought under that statute were not multiplicitous. Two Elk was charged with two counts of aggravated sexual abuse of a child under § 2241 for two sexual acts defined in 18 U.S.C. § 2246(A) (contact of the penis with both the vulva and the anus). The Court determined that aggravated sexual abuse under § 2241(c) was a separate-act offense, not a course-of-conduct offense, concluding from the plain language of § 2241 that Congress intended to punish separate acts when it stated that a person commits aggravated sexual abuse by engaging in a *sexual act*. Two Elk, 2008 WL 2967059, *6 (citations omitted).

---

[1] The Court notes that Defendant, in his brief, argues that "over a span of a few minutes, during only one day, the complaining witness is claiming that Defendant acted sexually in three different ways, and that the Defendant sexually contacted her in a variety of ways. However, one such alleged sexual liaison is uninterrupted in nature with only one single impulse underlying the claimed sexual conduct." Docket 45, page 2. The Court notes that it cannot apply the single impulse analysis unless it finds first that the offense is a course-of-conduct offense. See Chipps, 410 F.3d at 449. As stated below, the Court reaches the conclusion that § 2244 is a separate-act offense, so arguments related to Defendant's "single impulse" are irrelevant to the issues now before the Court.

Further, "each of the permutations enumerated in § 2246(2) [which defines "sexual act"] constitutes *a* sexual act and they are linked in the disjunctive." Id. Unlike Chipps, where the Eighth Circuit determined that Congress did not intend to punish each punch and kick separately in the assault statute, the aggravated sexual abuse statute did not create an "absurd quanta" when separate sexual acts were punished. Id. Finally, citing United States v. Bercier, the Eighth Circuit said that several cases have held that state court convictions for multiple sex offenses similar to the one at hand did not violate the double jeopardy clause. Id. (citing Bercier, 506 F.3d 625, 634 (8th Cir. 2007) (holding that there was no plain error when defendant was convicted of both aggravated sexual contact and aggravated sexual abuse)).

Although Two Elk involves the aggravated sexual abuse statute under § 2241, this Court believes that the abusive sexual contact statute of § 2244 is also a separate-act offense and not a course-of-conduct offense. See 18 U.S.C. § 2244(a). First, § 2244(a) specifically references statutes criminalizing sexual acts in its list of maximum terms of imprisonment. See 18 U.S.C. §§ 2244(a)(1) and (3). Second, like the statute defining sexual acts, § 2246(3) defines sexual contact as intentional touching of several different areas of the body, listed in the disjunctive. See Two Elk, 2008 WL 2967059, *6. Just as in Two Elk, then, it follows engaging in multiple touchings under § 2246(3) would amount to multiple violations of § 2244. See id. Sections 2244 and 2241 are also part of the same "statutory scheme," and the fact that Congress intended § 2241 to be punished as separate acts and not a course of conduct is significantly

persuasive that Congress intended the same for § 2244.  See Chipps, 410 F.3d at 449.  Finally, interpreting § 2244 as a separate-act offense does not lead to the type of absurdity avoided in Chipps of charging separately every punch and kick in an assault, as the sexual contact discussed in § 2244 and § 2246(3) clearly involves distinct acts of touching with a distinct purpose behind each action, i.e. to abuse, humiliate, harass, degrade, arouse or gratify.

For these reasons, the Court is convinced that Congress intended that each subdivision of 18 U.S.C. § 2244 be a separate unit of prosecution to punish separately individual acts within a broader criminal episode.  Consequently, Defendant's multiple charges under § 2244 do not threaten his double jeopardy rights should he be convicted of and sentenced for all charges in the indictment.  In other words, there is no danger here of multiple punishments for the same offense.  Therefore, no good cause appearing, it is hereby

ORDERED that Defendant's motion to dismiss counts of the multiplicitous indictment, Docket 44, is DENIED.

Dated September 9, 2008

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE